# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ALLEN LAURY,<br><br>          Plaintiff,<br><br>   v.<br><br>WAYNE MOTL, et al.,<br><br>          Defendants. | Case No. 1:18-cv-00333-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 16)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Daniel Allen Laury ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On October 10, 2018, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 14.) Plaintiff's first amended complaint, filed on November 5, 2018, is currently before the Court for screening. (ECF No. 16.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at California State Prison, Lancaster. The events in the amended complaint are alleged to have occurred at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. Plaintiff names the following defendants: (1) Wayne Motl, CSATF Chief Engineer; and (2) Steven Stalie, CSATF Engineer.

Plaintiff alleges as follows:

> Between 712/17 and 8/25/17 the temperature in my cell was over 90° farenheit [sic] 30 times. Numerous complaints were filed, numerous work orders were filed by correctional staff per departmental procedures. On 8-12-17 defendant Wayne Motl as chief engineer cancelled 3 of these work orders (#17-D5-08104, #17-D5-08105, #17-D5-08106) on 8-17-17 Defendant Wayne Motl again canceled a work order (#13-D5-08101) on 8-21-17 defendant Wayne Motl canceled work order #17-D5-08134. All of these work orders were filed by correctional staff. On 8-9-17 defendant Steven Stalie stated that he fixed the unit, and it was working for a few days but by the 11th it was back to broken and when I sent my request back in on 8-20-17 it was ignored. As was it was on 8-13-17. Steven Stalie is the Engineer responsible for this unit as he was the one who responded to both of the two formal requests so the unit not functioning properly is directly his responsibility and Wayne Motl as chief engineer is responsible for ensuring that his workers are properly informed of malfunctions. Instead he canceled the notifications.

(ECF No. 16 at 3-4.) Plaintiff lists approximately 34 days between July 12, 2017, and August 24,

2017, in which the temperature in his cell reached at least 90°. (Id. at 5-6.) On August 25, 2017, he was moved because of the heat and lack of ventilation.

Plaintiff contends that most days there was actual hot air coming out of the vent, showing that it was not cycling through the swamp cooler. Plaintiff further contends that Defendant Stalie was made aware on four occasions that his fixing of the unit on D5 was not satisfactory. Defendant Stalie allegedly neglected to conduct due diligence, and Defendant Motl canceled the work orders showing this failure.

Plaintiff asserts that the prolonged exposure to heat constituted cruel and unusual punishment, violated the conditions of confinement, and was contrary to the defendants' duty to maintain the facilities. Plaintiff further asserts that prolonged exposure to temperatures above 90° raise the possibility of heat stroke every twenty minutes, and the fact he did not suffer from heat stroke does not negate the risk he was exposed to due to Defendants' negligence.

As relief, Plaintiff seeks compensatory and punitive damages.

**III. Discussion**

As with his original complaint, Plaintiff's amended complaint fails to state a cognizable claim upon which relief may be granted.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.' " Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[ ] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844–45.

It is axiomatic that a prison official's failure to provide inmates relief from extreme temperatures may constitute an Eighth Amendment violation. Wilson v. Seiter, 501 U.S. 294, 304 (1991) ("low cell temperature at night combined with a failure to issue blankets" could constitute an Eighth Amendment violation); Graves v. Arpaio, 623 F.3d 1043, 1049 (9th Cir. 2010) ("The district court did not err ... in concluding that dangerously high temperatures that pose a significant risk to detainee health violate the Eighth Amendment."); Chandler v. Crosby, 379 F.3d 1278, 1294 (11th Cir. 2004) ("[T]he Eighth Amendment applies to prisoner claims of inadequate cooling and ventilation."). The Ninth Circuit has held that the "Eighth Amendment guarantees adequate heating" but not necessarily a "comfortable" temperature. Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir.1996). One measure of an inadequate, as opposed to merely uncomfortable, temperature is that it poses 'a substantial risk of serious harm.'" Graves, 623 F.3d at 1049.

Here, Plaintiff's amended complaint fails to demonstrate that prison officials were deliberately indifferent to any risk of harm from the high temperatures. In other words, there is no indication that prison officials failed to take reasonable measures to abate any risk associated with the temperature conditions in Plaintiff's cell. Indeed, according to exhibits attached to Plaintiff's complaint, prison officials responded to Plaintiff's complaints in a reasonable manner by repairing and ensuring proper operation of the air handlers on more than one occasion. Indeed, according to exhibits attached to the complaint, Plaintiff submitted a Request for Interview form on July 25, 2017, regarding the temperature in his cell. (ECF No. 16 at 20.) Within two days, on July 27, 2017, Defendant Stalie made repairs and verified proper operation of 3 air handlers for D5. (Id.) The air temperature returned to normal for several days thereafter, through July 31, 2017.

Subsequently, on August 1, 2017, Plaintiff submitted a request for Interview form regarding the temperature in his cell. The following day, Plaintiff submitted an Inmate/Parolee 602 Appeal on August 2, 2017, regarding the temperature in his cell. On August 9, 2017, prison officials responded to Plaintiff's complaints, and the air handler for Facility D, Building 5, was serviced, repaired and operational. (ECF No. 16 at 15, 19.) On August 13 and 18, 2017, Plaintiff again complained that the ventilation or cooler was turned off in his cell. (ECF No. 16 at 19, 20.)

The fact that the air handlers intermittently failed after the repairs by prison officials proved

unsuccessful is not sufficient to demonstrate deliberate indifference. Further, prison officials ultimately addressed Plaintiff's concerns by moving him from the cell on August 25, 2017.

**IV.  Conclusion and Recommendation**

Plaintiff's amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint by amendment, and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, for the reasons stated above, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 16, 2018**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE